**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-61350-CIV-ALTMAN/Hunt**

*In re: Citrix Data Breach Litigation,*
_____/

## **OMNIBUS ORDER**

The Plaintiffs have filed an Unopposed Motion for Approval of Attorneys' Fees, Costs, and Expenses ("Attorneys' Fees Mot.") [ECF No. 57] and an Unopposed Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Costs, and Expenses ("Final Approval Mot.") [ECF No. 64]. For the reasons set out below, both motions are **GRANTED**.

### **BACKGROUND**

The Plaintiffs[1] and the Defendant, Citrix Systems, Inc., have agreed to a proposed class action settlement. They've set forth the terms and conditions of that settlement in an executed Settlement Agreement, which they've submitted to the Court for final approval (the "Settlement Agreement").

On March 30, 2020, the Parties reached the Settlement Agreement through arm's-length negotiations, including a mediation. The Settlement Agreement, with its exhibits, including the proposed Class Notice Forms, was filed with Class Counsel's amended motion for preliminary approval. [ECF No. 53]. On January 25, 2021, the Court, after due and careful consideration, granted preliminary approval of (i) the Settlement, (ii) the Parties' plan for disseminating the Class Notice, and (iii) the certification of the Settlement Class, as defined in the Settlement Agreement. *See* Order Preliminarily Approving Class Settlement [ECF No. 56]. Additionally, the Court appointed (i) the Plaintiffs named in the Consolidated Complaint [ECF No. 18] as the Class Representatives, *see supra*

---

[1] The remaining Plaintiffs are Lee Milligan, on behalf of himself and his minor son; Lindsey Howard; Brandon Sargent; and Natalie Young. *See* Final Approval Mot. at 7.

1

note 1; (ii) the attorneys previously appointed as Liaison Counsel and Interim Class Counsel[2] as Settlement Class Counsel, *id.* at 2; and (iii) the Angeion Group as Settlement Administrator, *id.* at 4.

The Plaintiffs then submitted their Unopposed Motion for Final Approval of Class Settlement [ECF No. 64]. The Class Notice of the Settlement was properly disseminated in accordance with the notice plan the Court approved. The Court has received *no* objections from any of the 23,907 individual class members. And only one class member has opted out of the settlement.

On June 10, 2021, the Court conducted the Final Approval Hearing to determine: (a) whether this action satisfies the applicable prerequisites for class action treatment, *see* Fed R. Civ. P. 23; (b) whether the proposed Settlement was fair, reasonable, adequate, and in the best interest of the Class Members (and whether it should thus be approved by the Court); (c) whether a Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Consolidated Complaint with prejudice and releasing the Released Claims against the Released Parties; and (d) the proper amount of attorneys' fees and costs.

## ANALYSIS

Having considered the Motions, the record, and the governing law, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The Court has personal jurisdiction over all Class Members and Defendants.

2. The Court also has subject-matter jurisdiction to approve the Settlement under 28 U.S.C. § 1331 and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

---

[2] Those lawyers are: John A. Yanchunis of Morgan & Morgan; J. Austin Moore of Stueve Siegel Hanson LLP; Gayle M. Blatt of Casey, Gerry, Schenk, Francavilla, Blatt & Penfield, LLP; Rosemary M. Rivas of Levi & Korsinsky, LLP; and Herman J. Russomanno III of Russomanno & Borrello, P.A.

3. Under Fed. R. Civ. P. 23(b)(3), this case is hereby certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (the "Class Members") with respect to the claims asserted in the Lawsuit:

   All individuals residing in the United States who were sent notification by Citrix that their personal information was or may have been compromised in the data breach initially disclosed by Citrix in or about March 2019.

   Excluded from the Settlement class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

4. The Defendants have identified a total of 24,316 Class Members.

5. Venue is proper in this District.

6. The prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied as follows:

   a. <u>Numerosity:</u> This class consists of 24,316 members. Accordingly, the number of members of the Settlement Class is so numerous that joinder of all class members would be impracticable;

   b. <u>Commonality:</u> Each class member received notification from Citrix that his or her personal information was or may have been compromised by the same data breach in or about May 2019. Accordingly, there are questions of law and fact that are common to the Settlement Class;

   c. <u>Typicality:</u> The Plaintiffs are victims of the same data breach as the rest of the class—and they received the same notification about the information breach as the rest of the class. Accordingly, the Plaintiffs' claims are typical of the Class claims;

   d. <u>Adequacy:</u> For the reasons stated below regarding the adequacy of the settlement, the Plaintiffs and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class; and

   e. <u>Predominance:</u> All Plaintiffs' and Class Members' claims arise from the same data breach that compromised personal information hosted on the internal Citrix network. Common questions of law and fact thus predominate over individual questions.

7. The Court finds that, in negotiating, entering into, and implementing the settlement, the Plaintiffs and Class Counsel have adequately represented and protected the interests of the Class.

8. When evaluating whether the settlement was "fair, adequate and reasonable," the Court must consider: "(i) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Bennet v. Behring Corp.*, 737 F.3d 982, 987 (11th Cir. 1984).

9. The proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members. The settlement was reached in the absence of collusion and is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, who had adequate knowledge of the strengths and weaknesses of their claims, the primary defenses, and the risks of proceeding with the litigation through a motion for class certification, trial, and appeal.

10. Data breach cases in particular present unique challenges with respect to issues like causation, certification, and damages. By resolving the case early on in the litigation, Class Counsel avoided these difficult questions and ensured a successful result for the Class Members.

11. The settlement also provides the Class Members with relief they could *not* have won at trial (even if they had made it that far), including credit monitoring, identity restoration, and monitoring for minors whose information was compromised.

12. The settlement provides that the Class will receive $2,275,000 to cover losses resulting from the breach, enhanced security measures to prevent another data breach, and credit monitoring and identity restoration services—all valued at more than $26 million. Following the dissemination of Notice, only one Class Member requested exclusion from the settlement and no Class Members objected. The Court therefore finds that the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members.

13. The Court appoints Lee Milligan, on behalf of himself and his minor son, Lindsey Howard, Brandon Sargent, and Natalie Young as the Class Representative, and John A Yanchunis, J. Austin Moore, Gayle M. Blatt, Rosemary M. Rivas, and Herman J. Russomanno III as Class Counsel.

14. Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed to all Class members *and* e-mailed to Class Members whose personal e-mail addresses are known. The form and method for notifying the Class Members about the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the

circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

15. The parties and their counsel are ordered to implement and to consummate the Settlement Agreement, according to its terms and provisions. These terms include, but are not limited to:

    a. Citrix will establish a $2,275,000 settlement fund (the "Settlement Fund").

    b. All Settlement Class Members may submit a claim for up to $15,000 as reimbursement for Out-of-Pocket.

    c. All Class Members who are not automatically eligible for Minor Monitoring Services are eligible to enroll in five (5) years of Credit Monitoring Services provided by Experian.

    d. In lieu of Credit Monitoring Services, Class Members who are not automatically eligible for Minor Monitoring Services may elect to receive a cash payment in an amount equal to a pro rata distribution of the Net Settlement Fund.

    e. All Class Members are automatically eligible to access Identity Restoration Services offered through Experian.

    f. All Class Members who were under the age of 18 on or before the Claim Deadline are automatically eligible to enroll in Minor Monitoring Services provided by Experian.

    g. Class Counsel shall receive an attorneys' fee award of $750,000, which shall be paid out of the Settlement Fund. This fee is more than reasonable given the complexities of the case, the kinds of relief the Class Members have received, and the fact that Class Counsel's fee was contingent on the outcome of the

     case. Moreover, although our Circuit doesn't require a lodestar check, we note that, when the Plaintiffs filed their motion for attorneys' fees, Class Counsel's combined lodestar was $958,160—some $208,000 *more* than the fee request. In the circumstances presented here, the Court finds that a fee award of 32.9%--a fee award that results in a *negative* lodestar multiplier of 0.78—is both fair and reasonable.

   h. Class Counsel shall also receive reimbursement for out-of-pocket expenses of $18,494.16. Class Counsel has provided the Court with an itemized list of these expenses, and the Court finds that each of these expenses was fairly charged and reasonably necessary to the successful prosecution of the case; and

   i. The costs of notice and administration of the settlement ("Settlement Administration Costs"), completed by Angeion Group and estimated at $64,927, shall also be paid out of the Settlement Fund. That cost, again, is fair and reasonable in light of the essential administrative function Angeion has provided—to the Court, the lawyers, and the Class Members.

16. The Class Members were given an opportunity to object to the settlement. No Class Members objected to the settlement. Only one Class Member, Sheryl Gonzalez, opted out. This Order is thus binding on all Class Members who did not exclude themselves from the Settlement.

17. This Court shall maintain continuing jurisdiction over the administration and consummation of the settlement. The Court retains exclusive jurisdiction over—and the Parties and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court for—any suit, action, proceeding or dispute

arising out of or relating to this Final Approval Order, the accompanying Final Judgment, and the Settlement Agreement.

18. The Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Costs, and Expenses [ECF No. 64] is **GRANTED**.

19. This Order is not, and shall not be construed as, an admission by the Defendants of any liability or wrongdoing in this or in any other proceeding. The Plaintiffs, the Class Members, and their successors and assigns are permanently barred and enjoined from instituting, prosecuting, intervening in or participating in, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, and discharged by virtue of these proceedings and this Order.

20. The case is hereby dismissed with prejudice.

21. All other pending motions are **DENIED** as **MOOT**.

22. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 10th day of June 2021.

                      **ROY K. ALTMAN**
                      **UNITED STATES DISTRICT JUDGE**

cc:   counsel of record